UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 25-11129 (DJB) |
| William C. Mays, | Chapter 13 |
| Debtor. | Hearing Date: July 24, 2025, 2025 at 11:00 a.m. |
| | Objection Deadline: July 10, 2025 |

**MOTION OF POLICE AND FIRE FEDERAL CREDIT UNION
FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY TO
EXERCISE RIGHTS WITH RESPECT TO 203 GREENDALE RD., PHILADELPHIA,
PA 19154**

Police and Fire Federal Credit Union ("PFFCU"), by and through its undersigned counsel, Dilworth Paxson LLP, hereby moves for relief from the automatic stay and co-debtor stay pursuant to 11 U.S.C. § 362(d) and §1301, respectively, to exercise its rights with respect to its claim that is secured by real property located at 203 Greendale Rd., Philadelphia, PA 19154 (the "Property"), due to the lack of adequate protection of PFFCU's interests and Debtor's failure to make post-petition payments as provided in his proposed Chapter 13 plan.

**I.    BACKGROUND**

1.    William C. Mays (the "Debtor") is indebted to PFFCU pursuant to a Home Equity Line of Credit, a copy of which is attached as **Exhibit A**.  The Home Equity Line of Credit was originally obtained on November 23, 2022 in the original amount of $70,754 and the Debtor owed $77,437.70 as of the Petition Date as set forth in PFFCU's Proof of Claim #1. The Home Equity Line of Credit is secured by a second lien on the Property.  Natalie Devincent (the "Co-Debtor") is co-obligated to PFFCU under the Home Equity Line of Credit.

2.    The Debtor's proposed Chapter 13 Plan (the "Plan") [Dkt. No. 5] provides that the Debtor will make payments to PFFCU on account of the Home Equity Line of Credit outside of

#125076357v1                                                  1

his proposed Plan; however, the Debtor has failed to make his post-petition payments for March 27, 2025, April 27, 2025, and May 27, 2025. His June payment is due today.

3. PFFCU reached out to Debtor's counsel regarding the Debtor's failure to make post-petition payments; however, no payments have been received since then.

4. Upon information and belief, the Co-Debtor is not a debtor in bankruptcy, but is obligated on the Home Equity Line of Credit to PFFCU. While the Debtor's proposed plan provides that the Debtor will make post-petition payments of his obligations to PFFCU outside of the plan, the Debtor has not made his post-petition payments and no payments have been received from the Co-Debtor either. Accordingly, PFFCU seeks relief under section 1301(c) because, despite the provisions of the Debtor's proposed plan, the Debtor is not actually providing payments to PFFCU as proposed.

## II. CAUSE FOR RELIEF FROM THE AUTOMATIC STAY EXISTS

5. The Debtor is three months in arrears post-petition to PFFCU with respect to his Home Equity Line of Credit obligations.

6. Given that the Debtor is in arrears on his post-petition obligations to PFFCU, PFFCU's interest in the Property is being further impaired and is not adequately protected as required by 11 U.S.C. § 361.

7. Accordingly, cause exists pursuant to 11 U.S.C. § 362(d)(1) to lift the automatic stay to allow PFFCU to exercise its rights with respect to the Property so that it may exercise its rights under the Home Equity Line of Credit owed by the Debtor to PFFCU.

## III. RELIEF FROM THE CO-DEBTOR STAY IS WARRANTED

8.      The Co-Debtor is, upon information and belief, co-owner of the Property that secures the Debtor's obligations to PFFCU with respect to the Home Equity Line of Credit. Co-Debtor is also liable to PFFCU with respect to the repayment of the Home Equity Line of Credit.

9.      Upon information and belief, the Co-Debtor resides at the Property and receives the benefit of the Home Equity Line of Credit in exchange for the secured obligation. While the Debtor's Chapter 13 plan proposes to pay the Home Equity Line of Credit directly to PFFCU, the Debtor has failed comply with the terms of his proposed plan. Accordingly, PFFCU is entitled to relief from the stay provided under 11 U.S.C. § 1301(c)(1) and (2).

10.     The Debtor and Co-Debtor are currently three months in arrears post-petition to PFFCU with respect to the Home Equity Line of Credit, with no indication that any payments are forthcoming. The Co-Debtor is not a debtor in bankruptcy. No basis exists for the Co-Debtor to receive the protections of the automatic stay under the circumstances of this case. Nevertheless, while the stay is in place, PFFCU is prevented from proceeding against the Co-Debtor to protect its interests in the Property. Accordingly, to the extent that the automatic stay of § 362 or § 1301(a) remains in place, PFFCU's secured interest in the Property is being irreparably harmed and relief from the stay is appropriate under 11 U.S.C. § 1301(c)(3).

**IV.    CONCLUSION**

11.     Relief from the automatic stay and the co-debtor stay, as set forth above, is warranted because PFFCU is not adequately protected as a result of the Debtor's failure to make post-petition payments sufficient to satisfy his home equity obligations to PFFCU.

WHEREFORE, PFFCU respectfully requests that this Court enter an Order granting relief from the automatic stay pursuant to § 362(d) so that PFFCU may exercise its rights with respect to the Property, and granting such other and further relief as appropriate.

DILWORTH PAXSON LLP

<u>/s/ Anne M. Aaronson</u>
Anne M. Aaronson
1650 Market St., Suite 1200
Philadelphia, PA 19103
(215) 575-7100

Dated:  June 26, 2025          *Attorneys for Police and Fire Federal Credit Union*